NOT FOR PUBLICATION                                             (Docket No. 11)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                                    :
SAN PELLEGRINO S.p.A. and                           :
NESTLÉ WATERS NORTH                                 :
AMERICA, INC.,                                      :
                                                    :
                Plaintiffs,                         :        Civil No. 08-6016 (RBK/AMD)
                                                    :
        v.                                          :        **OPINION**
                                                    :
AGGRESSIVE PARTNERSHIPS, INC.,                      :
et al.,                                             :
                                                    :
                Defendants.                         :
_____:

**KUGLER**, United States District Judge:

        This matter comes before the Court on a motion filed by Defendant Renaissance Trading,

Inc. ("Renaissance") to dismiss the Complaint filed by Plaintiffs San Pellegrino S.p.A. ("San

Pell") and Nestlé Waters North America, Inc. ("Nestlé") (collectively, "Plaintiffs").  For the

reasons expressed below, the Court will deny the instant motion.

## I.      BACKGROUND

        San Pell is a joint stock company principally based in Milan, Italy that bottles and exports

sparkling mineral water around the world.  Nestlé is a corporation principally based in

Greenwich, Connecticut that serves as the exclusive United States distributor of San Pell.  Nestlé

typically packages San Pell sparkling mineral water in cartons of fifteen 750mL bottles bearing

the S. Pellegrino registered trademark in blue ink against a white background.  The packaged

bottles are distributed to grocers for display and sale to consumers.

In late 2007, San Pell and Nestlé learned that San Pell mineral water was appearing in brown cardboard cartons in supermarkets.  The brown cartons were marked in plain bold type, "S. Pellegrino Sparkling Natural Mineral Water" on the front and back panels of the cases.  The side panel of the packaging contained a small disclaimer concerning the derivation of the cases.  Plaintiffs identify Renaissance in the Complaint as a New Jersey Corporation connected to Mark DeGeorge, another defendant.   San Pell and Nestlé represent that that Mark DeGeorge was an officer, director, and/or shareholder of Renaissance, and was involved in the repackaging and sale of San Pell mineral water.

On June 17, 2008, San Pell and Nestlé filed suit in the Southern District of New York against multiple defendants alleging the improper repackaging, reselling, or distributing of their product without their knowledge.  The suit, which was transferred to this Court on November 14, 2008, includes eight counts: violations of 15 U.S.C. § 1114(1) (Count I), violations of 15 U.S.C. § 1125(a) (Counts II and III), false and misleading representation (Count IV), violations of the New York General Business Law (Counts V and VI), common law unfair competition (Count VII), and common law conspiracy to undertake unfair methods of competition and deceptive trade (Count VIII).

In lieu of responding to the Complaint, Renaissance filed a motion to dismiss, arguing that Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) as against Renaissance because Mark DeGeorge was never an officer, director, and/or shareholder of Renaissance. Renaissance attached to its brief certifications of Mark DeGeorge and Russ Coniglio, the President of Renaissance, in support of the assertion that Mark DeGeorge was never an officer,

director, and/or shareholder of Renaissance.  Also, Renaissance argued that Plaintiffs' Count VIII

alleging civil conspiracy should be dismissed because there is no such available claim under New

York common law.

On March 20, 2009, San Pell and Nestlé filed a response in opposition to Renaissance's

motion to dismiss, arguing that Renaissance cannot rely on matters extraneous to the pleadings to

support its motion to dismiss, and that civil conspiracy is actionable under New York common

law when linked to another properly pleaded tort claim, here unfair competition and deceptive

trade practices.

## II.     LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

Court must accept Plaintiff's allegations, along with all reasonable inferences that may be drawn

from them, as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v.

Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss

the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief.  Burstein

v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334

F.3d 365, 374 (3d Cir. 2003) (citation omitted).  Nevertheless, factual allegations in the

complaint "must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 545 (2007).

## III.    ANALYSIS

### A.     DeGeorge's Relationship With Renaissance

The Court will not dismiss Plaintiffs' claims against Renaissance based upon documents

extraneous to the pleadings.  As a general matter, a District Court ruling on a motion to dismiss

may not consider matters extraneous to the pleadings.  In Re Burlington Coat Factory Sec. Litig.,

114 F.3d 1410, 1426 (3d Cir. 1997); Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d

939, 944 (3d Cir. 1985).  However, there are exceptions to this rule.  Mele v. Federal Reserve

Bank of N.Y., 359 F.3d 251, 255 n. 5 (3d Cir. 2004).  In addition to the allegations of the

complaint, a court may consider matters of public record, documents specifically referenced in or

attached to the complaint, and documents integral to the allegations raised in the complaint.  See

Mele, 359 F.3d at 255 n. 5.

Renaissance's motion to dismiss relies upon a certification and a brief submitted by

Michael Pasquale, attorney for Renaissance.  The certification contains two attached exhibits: 1)

Exhibit A, statements made by Russ Coniglio, Renaissance President, claiming that Mark

DeGoerge is not, and has never been, an officer, director and/or shareholder of Renaissance, and

2) Exhibit B, statements made by Mark DeGeorge claiming that he is not, and has never been, an

officer, director, and/or shareholder of Renaissance.  These exhibits counter the allegations in

Plaintiffs' Second Amended Complaint that "upon information and belief, DeGeorge is an

officer, director, and/or shareholder of Renaissance."  (Compl. ¶ 9.)

The exhibits are documents extraneous to the pleadings, and do not fall within exceptions

to the rule prohibiting this Court from considering them on a motion to dismiss.  See Mele, 359

F.3d at 255 n. 5.  An "undisputedly authentic document that a defendant attaches as an exhibit to

a motion to dismiss" is only deemed integral within the exceptions if the plaintiff's claims are

based on the document.  Pension Benefit Gauranty Corp. v. White Consol. Indus., Inc., 998 F.2d

1192, 1996 (3d Cir. 1993).  In this case, the pleadings are not based on statements made by Russ

Coniglio and Mark DeGeorge.  Therefore, the exhibits from the certification are not integral to

the pleadings.  They instead present a factual dispute over Mark DeGeorge's relationship with

Renaissance.  In <u>Dovale v. Marketsource, Inc.</u>, the case relied upon by Renaissance to persuade

the Court that Exhibits A and B are integral, the District Court ruled that a Marketing Services

Agreement and an amendment to that agreement which were <u>explicitly</u> <u>mentioned</u> in plaintiff's

amended complaint were integral.  2006 WL 2385099, at *5-6 (D.N.J., August 17, 2006)

(emphasis added).  The exhibits in the instant motion were never mentioned or relied upon in the

Complaint in this case.  <u>Id.</u> at *6.  They are thus distinct from those in <u>Dovale</u>.  <u>Id.</u>

Without considering documents extraneous to the pleadings, Renaissance's motion to

dismiss the whole of Plaintiff's Complaint pursuant to Rule 12(b)(6) must be denied.  In their

motion to dismiss, Renaissance claims that Plaintiffs "incorrectly" asserted the relationship

between Mark DeGeorge and Renaissance.  As the relationship between DeGeorge and

Renaissance is a matter of fact and not law, it is not grounds for dismissing the Complaint on

Renaissance's Rule 12(b)(6) motion.

Renaissance also claims that San Pell and Nestlé "baldly" asserted the relationship

between DeGeorge and Renaissance.   Under the Supreme Court's pleading standard refined in

<u>Bell Atlantic v. Twombly</u>, and extended in the Third Circuit beyond antitrust lawsuits in <u>Phillips</u>

<u>v. County of Allegheny</u>, a complaint must only allege enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary elements of a charge.  <u>Twombly</u>,

550 U.S. at 555; <u>Phillips</u>, 515 F.3d 224, 231 (3d Cir. 2008).  Plaintiffs' Complaint alleges that,

upon information and belief, DeGeorge is an officer, director, and/or shareholder of Renaissance

and that DeGeorge and Renaissance assisted in the repackaging, reselling, or distributing of San

Pell mineral water in unauthorized packages.  These allegations are sufficient to survive a

12(b)(6) motion. <u>Twombly</u>, 550 U.S. at 555; <u>Phillips</u>, 515 F.3d at 231.  Whether or not

DeGeorge is an officer, director, and/or shareholder of Renaissance, and whether Renaissance

participated in the alleged conduct can reasonably be expected to be revealed in discovery.

Accordingly, the Court will deny Renaissance's 12(b)(6) motion to dismiss the whole of

Plaintiffs' Complaint.

### B.        Civil Conspiracy

Plaintiffs have pled civil conspiracy by properly pleading the underlying tort claims upon

which they base their conspiracy claim.  It is well settled under New York law that there is no

substantive tort of conspiracy.[1]  <u>Antonios A. Alevizopoulos and Associates, Inc. v. Comcast</u>

<u>Intern. Holdings, Inc.</u>, 100 F. Supp. 2d 178, 187 (S.D.N.Y. 2000); <u>Bracket v. Griswold</u>, 112 N.Y.

454, 467 (N.Y.A.D. 1989) ("a mere conspiracy to commit a [tort] is never of itself a cause of

action").  However, allegations of conspiracy are permitted to connect the actions of separate

defendants with an otherwise actionable tort that is properly pled.  <u>Alexander & Alexander of</u>

<u>New York, Inc. v. Fritzen</u>, 68 N.Y.2d 968, 969 (N.Y.A.D. 1986).

Plaintiffs' claims of unfair competition and deceptive trade practices in Count VII present

two actionable torts upon which they may base their civil conspiracy claim in Count VIII.  <u>See</u>

<u>Goldstein v. Garlick</u>, 318 N.Y.S.2d 370, 372 (N.Y.S.C. 1971).  An unfair competition claim

under New York common law involves the "bad faith misappropriation of the labors and

expenditures of another, likely to cause confusion or to deceive purchaser as to the origin of the

goods".  <u>Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.</u>, 58 F.3d 27, 34 (2d Cir. 1995);

---

[1] The parties do not dispute that New York law governs Plaintiffs' state common law
claims alleged in the Complaint.

Rosenfeld v. W.B. Saunders, Inc., 728 F.Supp. 236, 249-50 (S.D.N.Y. 1990) (quoting Computer ASsocs. Int'l, Inc. v. Computer Automation, Inc., 678 F.Supp. 424, 429 (S.D.N.Y. 1987).  To state a claim for unfair competition in New York, a plaintiff must show either actual confusion or a likelihood of confusion as to the origin of the goods at issue along with some showing of bad faith.  Milstein, Inc., 58 F.3d at 35; Saratoga Vichy Spring Co., Inc v. Lehman, 625 F.2d 1037, 1044 (3d Cir. 1980); 104 N.Y. Jur. 2d Trade Regulation § 196.  A plaintiff may show bad faith by demonstrating that the "defendants adopted [their] mark with the intention of capitalizing on [the] plaintiff's reputation and goodwill and any confusion between his and the senior user's product."  Arrow Fastener Co., Inc. v. Stanley Works, 59 F.3d 384, 397 (2d Cir. 1995) (quoting Lang v. Retirement Living Pub. Co., Inc., 949 F.2d 576, 583 (3d Cir. 1991)); Brockmeyere v. The Hearst Corp., 2002 WL 1402320, at *11 (S.D.N.Y. June 27, 2002).  Bad faith may be inferred from a plaintiff's complaint and need not be explicitly pled.  Fairfield Financial Mortg. Group, Inc. v. Luca, 584 F.Supp. 2d 479, 488 (E.D.N.Y. 2008) (holding that bad faith could be inferred from plaintiff's complaint against defendant with whom plaintiff had non-competition agreement).

Plaintiffs' Complaint sufficiently pleads the elements of unfair competition against Renaissance.  Plaintiffs contend in their Complaint that Renaissance and other defendants have and continue to "engage in unauthorized re-packaging, selling and distribution in interstate commerce of 15 750 ml bottle cases of S. Pellegrino Sparkling Mineral Water in cases similar to or identical to the Unauthorized Cases".  (Compl. ¶ 26-27.)  Based upon Renaissance's alleged actions, it is reasonable to expect that discovery will reveal evidence that their practices created a likelihood of confusion to deceive the purchaser. See Twombly, 550 U.S. at 555.  It is also

7

reasonable to infer that Renassaince's actions were preformed in bad faith.  See Fairfield

Financial Mortg. Group, Inc. v. Luca, 584 F.Supp. 2d 479, 488 (E.D.N.Y. 2008).  The alleged

acts, acquiring San Pell water and repackaging and distributing it in cases that bear the S.

Pellegrino name with only a small disclaimer concerning their derivation from authorized cases,

are enough for this Court to infer bad faith.  (Compl. ¶ 25); See Laureyssens v. Idea Group, 964

F.2d 131, 136 (S.D.N.Y. 1992) (holding that evidence of intentionally copying trade dress or

product design can support inference of intent to benefit from good will of prior user through

confusion).  Plaintiff also explicitly alleges that "Defendants' acts have been committed in bad

faith with the intent and purpose of misappropriating and trading upon the goodwill reputation

created by plaintiffs in association with the S. Pellegrino mark." (Compl. ¶ 53.)

The Count VII claim for unfair competition was properly pled and is an actionable tort to

which Plaintiffs may attach their Count VIII claim of civil conspiracy.  See Goldstein, 318

N.Y.S.2d at 372.  Count VIII is this properly pled, and the Court will deny Renaissance's

12(b)(6) motion to dismiss Count VIII.[2]

## IV.    CONCLUSION

Based upon the foregoing, the Court will DENY Renaissance's motion to dismiss.  An

accompanying Order shall issue today.

Dated:    8-10-09                                              /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge

---

[2] Renaissance's motion alleges the insufficiency of Plaintiffs' Count VIII, and this Court
has determined that Plaintiffs' civil conspiracy claim may be grounded on the unfair competition
claim in Count VII.  The Court does not now, and needs not, assess the sufficiency of Plaintiffs'
deceptive trade practices claim to rule on the motion with respect to Count VIII.